IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00783-BNB

WAYNE SMITH,

Applicant,

v.

WARDEN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 28 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO SUPPLEMENT APPLICATION

---

Applicant Wayne Smith is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Smith has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Smith is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Smith will be ordered to supplement the application with additional information.

Mr. Smith is challenging the validity of his conviction in the Denver District Court. He alleges that he was convicted in 1992 and that he was sentenced to life in prison without the possibility of parole. Although he asserts that he filed a direct appeal, he fails to allege clearly the date on which his direct appeal concluded. He alleges both that his direct appeal concluded on June 20, 1994, and that the Colorado Supreme

Court denied certiorari review on direct appeal on October 20, 1995. Mr. Smith also alleges that he has challenged his conviction in the state courts by filing a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. He asserts that the Rule 35(c) motion was filed on January 26, 2004, and that the Colorado Supreme Court affirmed the denial of the Rule 35(c) motion on November 24, 2004. However, based on the court's independent online research, it appears that the Rule 35(c) motion could not have been filed in 2004 because Mr. Smith's appeal from the denial of the Rule 35(c) motion was filed in 2003. Furthermore, it appears that November 24, 2004, is the date on which the Colorado Court of Appeals affirmed the denial of the Rule 35(c) motion and that the Colorado Supreme Court actually denied Mr. Smith's petition for writ of certiorari in the postconviction proceedings on May 9, 2005.

The court finds that additional information is necessary to complete an initial review of the habeas corpus application and to determine whether the application is timely pursuant to 28 U.S.C. § 2244(d). The specific information the court needs is the date on which Mr. Smith's direct appeal concluded and the date on which he filed his postconviction Rule 35(c) motion. These two dates are essential to the court's application of the one-year limitation period. Therefore, Mr. Smith will be directed to file a supplement to the application that provides the information necessary to determine if this action is timely filed. Accordingly, it is

ORDERED that Mr. Smith file **within thirty (30) days from the date of this order** a supplement to the habeas corpus application that provides the information requested in this order. It is

FURTHER ORDERED that if Mr. Smith fails to file a supplement to the habeas corpus application that provides the information requested in this order within the time allowed, the action will be dismissed without further notice.

DATED April 28, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   06-cv-00783-BNB

Wayne Smith
Reg. No. 80619
Sterling Correctional Facility
PO Box 6000 — 7C-2-6
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/28/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk