IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-00783-WDM-BNB

WAYNE SMITH,

    Petitioner,

v.

WARDEN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

This case is before me on the recommendation of Magistrate Judge Boyd N. Boland (doc no 28), filed April 18, 2008. Petitioner filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (doc no 3) (the "Application") on or around April 25, 2006. Magistrate Judge Boland recommends that the Application be denied. Petitioner did not file an objection to the recommendation and therefore is not entitled to *de novo* review. 28 U.S.C. § 636(b). For the reasons that follow, I will accept the recommendation as modified.

I have reviewed the pertinent portions of the record in this case, including the Application and supplements, Respondents' Answer and exhibits, and the recommendation.

Petitioner is an incarcerated state prisoner, convicted after trial of felony murder, second degree murder, and attempted sexual assault. The underlying facts are set forth

in detail in the recommendation and the state court record. In short, two witnesses testified at trial that they observed Petitioner and two other homeless individuals beating the victim, also a homeless man. They observed Petitioner and one co-defendant attempt to sodomize the victim; the three aggressors then carried the victim to a nearby river and threw him in. The victim was found dead in the river some time later; death was caused by blunt force trauma associated with drowning. After trial, Petitioner filed a direct appeal with the Colorado Court of Appeals, which affirmed his conviction and sentence, and the Colorado Supreme Court denied his Petition for Writ of Certiorari. Petitioner also filed a motion for post-conviction relief in the trial court, which was eventually the subject of an evidentiary hearing. The trial court denied relief, a decision upheld by the appellate courts. In this Application, Petitioner now asserts some of the same claims as he raised in his direct appeal and post-conviction proceedings, as well as some new claims. Magistrate Judge Boland has carefully examined which claims have been exhausted, which are unexhausted and defaulted, and has addressed on the merits those ripe for review.

I agree with Magistrate Judge Boland's analysis but would modify with respect to one claim. Specifically, Petitioner's fifth claim is that the prosecutor improperly shifted the burden of proof to Petitioner during closing arguments by stating that Petitioner should have proved that one eyewitness "had some sort of sweet deal." This comment was based on Petitioner's attempts during trial to learn whether the eyewitness had received a plea bargain on unrelated charges in exchange for testimony against Petitioner. This issue was raised in Petitioner's direct appeal to the Colorado Court of Appeals, but not included in the Petition for Writ of Certiorari. Magistrate Judge Boland recommends that this claim be dismissed in the grounds that it is unexhausted. I would add that even if the claim were

properly exhausted, it fails on the merits.  The Colorado Court of Appeals addressed Petitioner's argument and concluded that no objection had been raised at trial, that the prosecutor's argument would not have led the jury to believe that the Petitioner carried the burden of proof, and that the jury was properly instructed as to the burden of proof.  Accordingly, the comment "did not so undermine the fundamental fairness of the trial as to cast doubt on the reliability of the judgment of conviction."  Ex. C to Answer at 5.  For prosecutorial misconduct to rise to the level of entitling petitioner to federal habeas relief, it must either have "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).  "This determination may be made only after considering all of the surrounding circumstances, including the strength of the state's case."  *Malicoat v. Mullin*, 426 F.3d 1241, 1255 (10th Cir. 2005).  The analysis employed by the state court parallels the federal standard.  My review of the record reveals that there was strong evidence against Petitioner, including his own admissions and the testimony of the two eyewitnesses.  Moreover, I conclude the comment was a permissible observation on the absence of evidence of a plea deal which could impeach the witness.  Accordingly, I conclude that the state court's decision regarding this issue was not contrary to and did not involve an unreasonable application of established federal law.

I also address a concern implied in Petitioner's letters and other filings.  *See, e.g.*, Opening Letter (doc no 4).  In his Opening Letter, Petitioner states, "The reason why I feel the Public Defender's Appeal firm was so unprofessional in preparing my Opening Brief is because they did not want to bring to light the errors of their own associates; therefore, overlooking and not raising crucial issues that needed to be raised on appeal."  Petitioner

thus appears to argue that a conflict of interest at the Office of the Public Defender prevented him from fully developing his ineffective assistance of counsel claims. However, I note that Petitioner was represented by appointed outside counsel, not the Public Defender, in his post-conviction proceedings, the basis of which was ineffective assistance of counsel. Accordingly, Petitioner was not prevented by any conflict of interest from fully presenting his argument that his trial counsel was ineffective.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Boland (doc no 28) is accepted as modified.

2. Petitioner's Application is denied.

DATED at Denver, Colorado, on May 12, 2008.

                                      BY THE COURT:

                                      s/ Walker D. Miller
                                      United States District Judge